# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-60334
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAYMOND FRANK PHILLIPS, JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:06-CR-32-1

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Raymond Frank Phillips, Jr., was charged by a grand jury with possessing a firearm as a felon. Phillips moved to suppress the evidence, which was found in his vehicle by police officers following a traffic stop. The district court held a hearing on the motion to suppress and denied the motion. A jury found Phillips guilty. The district court sentenced Phillips to 78 months of imprisonment, three years of supervised release, a $2,500 fine, and a $100 special assessment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Phillips now appeals his conviction, challenging the district court's ruling on his motion to suppress.

When reviewing the district court's ruling on a motion to suppress, this court "review[s] the district court's factual findings for clear error and its legal conclusions de novo." United States v. Ibarra, 493 F.3d 526, 530 (5th Cir. 2007). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." United States v. Trujillo, 502 F.3d 353, 356 (5th Cir. 2007). "[W]hen 'there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'" United States v. Gillyard, 261 F.3d 506, 509 (5th Cir. 2001) (citation omitted).

The Fourth Amendment prohibits the warrantless search of a vehicle except in the case of valid consent from the owner or "probable cause to believe that the vehicle contains contraband or other evidence of a crime." United States v. Mendoza- Gonzalez, 318 F.3d 663, 666 (5th Cir. 2003). In addition, "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." New York v. Belton, 453 U.S. 454, 460 (1981) (footnote omitted).

Here, the parties agree that the search of Phillips's SUV was not in violation of the Fourth Amendment if, as an officer testified at the suppression hearing, Phillips had marijuana lying in plain view on his dashboard when the officers approached his vehicle. Phillips argues that the district court clearly erred in finding that the marijuana was in plain view. He contends that it was hidden in a black leather case that was attached to his sun visor.

A video of the traffic stop was admitted into evidence at the suppression hearing, but it does not reveal whether the marijuana was in plain view. The microphone failed to record the exchanges between Phillips and the arresting officers, so the video is of little help to Phillips. The theories of both parties are equally plausible in light of the record as a whole. Therefore, the district court's

finding that the marijuana was in plain view on Phillips's dashboard is not clearly erroneous. See Trujillo, 502 F.3d at 356; Gillyard, 261 F.3d at 509. The search of Phillips's SUV did not violate the Fourth Amendment, see Belton, 453 U.S. at 460, and the district court properly denied the motion to suppress.

AFFIRMED.